■ TARSHA McLEOD, Respondent, v LAMINO SEUMAOBO et al., Defendants, and RICHARD GISSENTANNER et al., Appellants. [707 NYS2d 335] —In an action to recover damages for personal injuries, the defendants Richard Gissentanner and Marcia MacEntee s/h/a Marcia Mentee appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated February 4, 1999, which denied their motion to vacate an order of the same court dated October 1, 1998, granting the plaintiff's motion, in effect, to restore the action to the trial calendar, upon their default in responding to that motion.

■ TARSHA McLEOD, Respondent, v LAMINO SEUMAOBO et al., Defendants, and RICHARD GISSENTANNER et al., Appellants. [707 NYS2d 334] —In an action to recover damages for personal injuries, the defendants Richard Gissentanner and Marcia MacEntee s/h/a Marcia Mentee appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 3, 1999, as denied their motion for

summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In opposition to the appellants' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Mendola v Demetres,* 212 AD2d 515). Accordingly, the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.